UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **ED CV 26-5761 FMO (MARx)** | Date | **November 12, 2026** |
| Title | **Anna Chevry v. Victory Packaging, L.P., et al.** | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
| None Present | None Present |

**Proceedings: (In Chambers) Order Remanding Action**

On July 10, 2026, Anna Chevry ("plaintiff") filed a Complaint in the San Bernardino County Superior Court against Victory Packaging, L.P. ("defendant"), under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698, et seq., asserting state law employment claims. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2); (Dkt. 1-1, Complaint at ¶¶ 21-85). On September 29, 2026, defendant removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441. (See Dkt. 1, NOR at ¶¶ 11, 25-26). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **ED CV 26-5761 FMO (MARx)** | Date | **November 12, 2026** |
| Title | **Anna Chevry v. Victory Packaging, L.P., et al.** | | |

may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a). Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiff could not have originally brought this action in federal court, and therefore removal was improper.[2] See 28 U.S.C. § 1332(a).

Defendant alleges that complete diversity exists because plaintiff is a citizen of California, (see Dkt. 1, NOR at ¶¶ 12-13), while defendant "is a limited partnership, organized and existing under the laws of the State of Texas." (See id. at ¶ 15); (Dkt. 1-2, Declaration of Stephen Wlodek ("Wlodek Decl.") at ¶¶ 4-5). However, in setting forth the applicable legal standard for determining a party's citizenship, defendant improperly relies on the standard applicable to corporations even though defendant is a limited partnership. (See Dkt. 1, NOR at ¶ 15) (setting forth the standard applicable to corporations). In other words, defendant's contention that its "principal place of business and headquarters are located in the State of Texas[,]" (id.), is irrelevant to the determination of defendant's citizenship. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F.Appx. 62, 64 (9th Cir. 2011) ("For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens, and a limited liability corporation is a citizen of all of the states of which its owners/members are citizens."); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Because the NOR fails to state the citizenship of the partners of Victory Packaging, L.P., (see, generally, Dkt. 1, NOR), defendant has thus failed to establish the existence of diversity jurisdiction. See, e.g., Lindley, 414 F.Appx. at 65 (holding that an allegation that no member of a defendant LP "is an Oregon citizen," without identifying the actual state of citizenship of the LP's members or whether the members were composed of another layer of business entities, was insufficient to establish complete diversity); Amescua v. Peacock TV LLC, 2024 WL 39192, *3 (C.D. Cal. 2024) (remanding action where LLC defendant

[2] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **ED CV 26-5761 FMO (MARx)** | Date | **November 12, 2026** |
| Title | **Anna Chevry v. Victory Packaging, L.P., et al.** | | |

"fail[ed] to specifically identify [its] member's members and allege each one's citizenship").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction.

Based on the foregoing, IT IS ORDERED THAT:

1. The above-referenced action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Plaintiff's Motion to Remand **(Document No. 9)** is **denied as moot**.

00 : 00

Initials of Preparer vdr